## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Jun Yun ZHANG,<br>A70 310 245<br>               Plaintiff,<br><br>     versus<br><br>Michael Chertoff, Secretary,<br>    Department of Homeland Security,<br>Emilio T. Gonzalez, Director,<br>    U.S. Citizenship & Immigration Services,<br>Michael Mukasey, U.S. Attorney General,<br>    U.S. Department of Justice,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

```
FILED: MAY 13, 2008
08CV2762          TG
JUDGE DOW, JR
MAGISTRATE JUDGE NOLAN
```

Docket #:

### Complaint

1)  Plaintiff, Jun Yun ZHANG, presents this complaint before this Honorable Court requesting relief against Defendants for their failure to act in accordance with the law.

### Jurisdictional Basis

2)  The Court's jurisdiction over the present action is founded on 28 USC§1361 (Mandamus Act), 28 USC§1331 (federal question jurisdiction).

3)  Judicial review of actions by agencies of the United States is authorized under 5 USC§701 et seq. (Administrative Procedure Act or "APA").

4)  The Court has authority to grant relief under 28 USC§1361 (mandamus), 28 USC §2201, 2202 (declaratory judgment and further relief), 5 USC§706 (APA).

5)  The Court has authority to grant attorney's fees and other expenses pursuant to Equal Access to Justice Act ("EAJA").

**Venue**

6)      Venue is proper pursuant to 28 USC§1391(e)(3), which provides that a civil action against the United States or its agencies may be brought in any judicial district in which the plaintiff resides if no real property is involved.  No real property is involved in the action, and Plaintiff, resides in Chicago, Illinois, which is within this Court's judicial district.

**Parties**

7)      Plaintiff, Jun Yun ZHANG, is a native and citizen of the People's Republic of China ("China").

8)      Defendant, Michael Chertoff, is the Secretary of Department of Homeland Security.  He is named in this complaint solely in his official capacity.

9)      Defendant, Emilio T. Gonzalez, is the Director of the U.S. Citizenship & Immigration Service ("CIS").  He is named in this complaint solely in his official capacity.

10)     Defendant, Michael Mukasey, is the U.S. Attorney General and head of the U.S. Department of Justice.  He is named in this complaint solely in his official capacity.

**Factual and Procedural Background**

11)    Plaintiff, Mr. Jun Yun Zhang, is a native and citizen of the People's Republic of China ("China"). He entered the United States without inspection on January 9, 1989.

12)    Mr. Zhang applied for a travel document on July 17, 1992 to allow him to return to the United States after temporary foreign travel. The application was made pursuant to the President's Executive Order 12711 of April 11, 1990. His advance parole application was granted, and he was issued a travel document.

13)    Thereafter, Mr. Zhang left the United States and reentered on October 12, 1992 pursuant to the approved advance parole. A Form I-94 (Arrival-Departure Record) was issued to Mr. Zhang to evidence the fact that he was admitted and paroled into the United States.

14)    The Form I-94 was lost, and Mr. Zhang submitted Form I-102 (Application for Replacement/Initial Nonimmigrant Arrival-Departure Document) to replace the I-94. Mr. Zhang's I-102 application was approved on February 14, 1994.

15)    After his reentry, Mr. Zhang applied for adjustment of status to that of a lawful permanent resident under the Chinese Student Protection Act ("CSPA"); that application was received by the Immigration & Naturalization Service ("INS")[1] on November 26, 1993. The Receipt number for this application is EAC-94-041-50017.

16)    Mr. Zhang's adjustment of status interview was scheduled for May 11, 1994. Mr. Zhang attended that interview.

---

[1] The INS is the predecessor of the U.S. Citizenship and Immigration Services ("CIS").

17)     In a notice dated January 4, 1995, however, the INS denied Mr. Zhang's

adjustment application on the ground that "[Mr. Zhang had] failed to establish that [he]

actually were paroled back into the country [and that he] were not able to present [his]

passport, advanced parole papers, or any other proof to substantiate [his] claim." The

officer further found that "[t]he only paper you provided to this Service was a

replacement I-94 that only indicates [he was] placed into deferred departure status until

January 1, 1994."

18)     On January 4, 1995, Mr. Zhang was served a Form I-122 (Notice to Applicant for

Admission Detained for Hearing before Immigration Judge).  The notice charged that Mr.

Zhang was inadmissible on the grounds that he sought admission into the U.S. to work

without a labor certification (INA§212(a)(5)(A)(i)) and that he was not in possession of a

valid travel document at the time of application for admission.

19)     Mr. Zhang was placed in exclusion proceedings.  His upcoming master hearing

currently is being scheduled for September 12, 2008 at Chicago Illinois.

20)     Mr. Zhang's former attorney, Nathaniel Hsieh, wrote to the INS and requested for

a re-examination of the adjustment application on June 12, 2000.  In a letter dated July 26,

2000, the INS stated, "A request for your case file has been submitted to the area having

responsibility for your case.  We should respond to your correspondence within _____

days."  The INS, however, never responded.

21)     Ms. Hsieh again wrote to the INS on February 14, 2001; she did not receive any

response from the Service.

22)     On April 17, 2007, Ms. Hsieh wrote to the Chief Staff Attorney of the USCIS at

the Chicago District.  Again, she had not received any response.

**GROUNDS FOR RELIEF**

23)     The Chinese Student Protection Act of 1992 ("CSPA") authorizes certain

"covered aliens" to adjust their status to that of lawful permanent resident.  A covered

alien is a person who: 1) is a Chinese national on April 11, 1990; 2) has resided

continuously in the U.S since April 11, 1990; and 3) was not physically present in China

for more than 90 days after April 11, 1990.  CSPA§2(b).

24)     If a covered alien files his adjustment application between July 1, 1993 and June

30, 1994, the five rules under CSPA§2(a) become operative:  1) a covered alien is deemed

to have an immigrant visa petition filed and approved under the third preference group of

the employment-based immigration category; 2) the adjustment application may be

considered without regard to immigrant visa availability; 3) certain grounds of

inadmissibility under INA§212(a)[2] are inapplicable; 4) the per country numerical level

does not apply; and 5) INA s245(c)[3], does not apply.

25)     Mr. Zhang is a covered alien under the CSPA because he is a Chinese national,

had resided continuously in the United States since April 11, 1990, and was not

physically present in China for more than 90 days between April 11, 1990 and October 9,

1992.  Moreover, Mr. Zhang is entitled to adjust his status under the CSPA because he

filed an adjustment application on November 26, 1993 pursuant to CSPA §2(a).

---

[2] Grounds of inadmissibility waived under the CSPA include working without an
approved labor certification and not being in possession of a valid travel document at the
time of application for admisstion.
[3] INA§245(c) provides, *inter alias*, that aliens who have worked without authorization or
has fallen out of status may not adjust status.

26)    The INS erred factually and legally in denying Mr. Zhang's adjustment

application.  In sum, the INS denial was based on its determination that Mr. Zhang failed

to establish that he was actually paroled back to the United States.

27)    Although the INS did not state expressly in the denial notice, it probably denied

Mr. Zhang's application pursuant to INA§245(a), which provides, among other things,

that a person must have been "inspected and admitted or paroled into the United States"

in order to be eligible to adjust status.

28)    Contrary to the determination of the INS, Mr. Zhang did in fact submit evidence

that he was inspected and admitted.  Although Mr. Zhang lost his I-94 card, he filed an

application to replace it.  His application was granted, and a replacement I-94 card was

issued to him.

29)    On the replacement I-94 card, it is evident that Mr. Zhang was admitted at New

York City on October 12, 1992.

30)    Since Mr. Zhang is a covered alien under the CSPA, and since he established

eligibility to adjust status under INA§245(a), the INS erroneously denied Mr. Zhang's

adjustment application as a matter of law.


**Exhaustion of Administrative Remedies**

31)    As stated above, Mr. Zhang has written to the Immigration Service multiple times

to request for a re-examination of his adjustment application, but he never received a

response.

## Entitlement of Attorney's Fees and Other Expenses

32)     Mr. Zhang is entitled to costs and attorney's fees associated with this action.

Congress has authorized fee recovery by prevailing parties in the Equal Access to Justice

Act. ("EAJA"). Under EAJA, the prevailing litigant is entitled to attorney's fees and

costs if the government fails to show that its position was substantially justified or that

special circumstances make an award unjust and (3) the requested fees and costs are

reasonable. *Perez-Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C.§

d)(1)(A)). As there is no lawful basis for the denial of Mr. Zhang's application, the

government's position is not substantially justified, and hence, attorney's fees and costs

are appropriate.

## **Relief Sought**

WHEREFORE, Plaintiff prays that the Court to:

I.    Compel Defendants to immediately respond to Mr. Zhang's inquiries and re-examine

the denial of his adjustment of status application;

II.    Declare that Mr. Zhang is eligible to adjust his status under the CSPA as a matter of

law;

III.    Declare that Mr. Zhang's adjustment of status application was unlawfully denied;

IV.    Grant attorneys fees to plaintiff under the Equal Access to Justice Act;

V.    Grant such other and further relief as the Court may deem necessary and proper.

RESPECTFULLY submitted this _2_ day of ~~April~~ *May*, 2008.


Theodore N. Cox
Attorney at Law
401 Broadway, Suite 701
New York, New York 10013
Tel: (212)925-1208
Fax: (212)925-5188
tedcoxecf@gmail.com

## ADJUSTMENT OF STATUS OF CERTAIN NATIONALS OF PEOPLE'S REPUBLIC OF CHINA

Pub. L. 102-404, Oct. 9, 1992, 106 Stat. 1969, provided that:

"SECTION 1. SHORT TITLE.

"This Act may be cited as the 'Chinese Student Protection Act of 1992'.

"SEC. 2. ADJUSTMENT TO LAWFUL PERMANENT RESIDENT STATUS OF CERTAIN

NATIONALS OF THE PEOPLE'S REPUBLIC OF CHINA.

"(a) In General. - Subject to subsection (c)(1), whenever an alien described in subsection (b) applies for adjustment of status under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) during the application period (as defined in subsection (e)) the following rules shall apply with respect to such adjustment:

"(1) The alien shall be deemed to have had a petition approved under section 204(a) of such Act (8 U.S.C. 1154(a)) for classification under section 203(b)(3)(A)(i) of such Act (8 U.S.C. 1153(b)(3)(A)(i)).

"(2) The application shall be considered without regard to whether an immigrant visa number is immediately available at the time the application is filed.

"(3) In determining the alien's admissibility as an immigrant, and the alien's eligibility for an immigrant visa -

"(A) paragraphs (5) and (7)(A) of section 212(a) and section

212(e) of such Act (8 U.S.C. 1182(a), (e)) shall not apply; and

"(B) the Attorney General may waive any other provision of section 212(a) (other than paragraph (2)(C) and subparagraph (A), (B), (C), or (E) of paragraph (3)) of such Act with respect to such adjustment for humanitarian purposes, for purposes of assuring family unity, or if otherwise in the public interest.

"(4) The numerical level of section 202(a)(2) of such Act (8 U.S.C. 1152(a)(2)) shall not apply.

"(5) Section 245(c) of such Act (8 U.S.C. 1255(c)) shall not apply.

"(b) Aliens Covered. - For purposes of this section, an alien described in this subsection is an alien who -

"(1) is a national of the People's Republic of China described in section 1 of Executive Order No. 12711 (8 U.S.C. 1101 note) as in effect on April 11, 1990;

"(2) has resided continuously in the United States since April 11, 1990 (other than brief, casual, and innocent absences); and

"(3) was not physically present in the People's Republic of China for longer than 90 days after such date and before the date of the enactment of this Act (Oct. 9, 1992).

"(c) Condition; Dissemination of Information. -

"(1) Not applicable if safe return permitted. - Subsection (a)

shall not apply to any alien if the President has determined and certified to Congress, before the first day of the application period, that conditions in the People's Republic of China permit aliens described in subsection (b)(1) to return to that foreign state in safety.

"(2) Dissemination of information. - If the President has not made the certification described in paragraph (1) by the first day of the application period, the Attorney General shall, subject to the availability of appropriations, immediately broadly disseminate to aliens described in subsection (b)(1) information respecting the benefits available under this section.  To the extent practicable, the Attorney General shall provide notice of these benefits to the last known mailing address of each such alien.

"(d) Offset in Per Country Numerical Level. -

"(1) In general. - The numerical level under section 202(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1152(a)(2)) applicable to natives of the People's Republic of China in each applicable fiscal year (as defined in paragraph (3)) shall be reduced by 1,000.

"(2) Allotment if section 202(e) applies. - If section 202(e) of the Immigration and Nationality Act is applied to the People's Republic of China in an applicable fiscal year, in applying such

section -

"(A) 300 immigrant visa numbers shall be deemed to have been previously issued to natives of that foreign state under section 203(b)(3)(A)(i) of such Act (8 U.S.C. 1153(b)(3)(A)(i)) in that year, and

"(B) 700 immigrant visa numbers shall be deemed to have been previously issued to natives of that foreign state under section 203(b)(5) of such Act in that year.

"(3) Applicable fiscal year. -

"(A) In general. - In this subsection, the term 'applicable fiscal year' means each fiscal year during the period -

"(i) beginning with the fiscal year in which the application period begins; and

"(ii) ending with the first fiscal year by the end of which the cumulative number of aliens counted for all fiscal years under subparagraph (B) equals or exceeds the total number of aliens whose status has been adjusted under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) pursuant to subsection (a).

"(B) Number counted each year. - The number counted under this subparagraph for a fiscal year (beginning during or after the application period) is 1,000, plus the number (if any) by which (i) the immigration level under section 202(a)(2) of the

Immigration and Nationality Act for the People's Republic of

China in the fiscal year (as reduced under this subsection),

exceeds (ii) the number of aliens who were chargeable to such

level in the year.

"(e) Application Period Defined. - In this section, the term

'application period' means the 12-month period beginning July 1,

1993."

### DOCUMENT RESUME

ED 351 414                                              UD 028 920

| | |
|---|---|
| AUTHOR | Brooks, Jack |
| TITLE | Chinese Student Protection Act of 1992. Report To Accompany S. 1216 of the Committee on the Judiciary, House of Representatives, 102D Congress, 2d Session. |
| INSTITUTION | Congress of the U.S., Washington, D.C. House Committee on the Judiciary. |
| REPORT NO | House-R-102-826 |
| PUB DATE | 10 Aug 92 |
| NOTE | 9p. |
| PUB TYPE | Legal/Legislative/Regulatory Materials (090) |
| EDRS PRICE | MF01/PC01 Plus Postage. |
| DESCRIPTORS | Educational Legislation; Elementary Secondary Education; Federal Aid; *Federal Legislation; Foreign Nationals; *Foreign Students; Higher Education; International Relations; *Refugees; *Student Rights |
| IDENTIFIERS | Amnesty; *China; Chinese People; Immigration; *Immigration and Nationality Act Amendments |

ABSTRACT

This congressional report describes and analyzes the federal Chinese Student Protection Act of 1992 (S. 1216). This act provides for the adjustment of status under the Immigration and Nationality Act of certain nationals of the People's Republic of China until conditions permit their return in safety to China. An opening section presents the text of the amendment. Brief sections offer explanations of the amendment, a summary of its purpose, and a report of a favorable voice vote by the Committee on the Judiciary. A longer discussion section describes the political background of the People's Republic of China, an Executive Order made in response to those conditions, the need for this legislation to continue protection for individuals now temporarily protected under the Executive Order, a summary of the bill and its implications, and a brief history of the legislation. Included are short reports on oversight findings and budget and tax expenditures. A final section describes the Congressional Budget Office cost estimate and an inflationary impact statement. (JB)

08CV2762                    TG

JUDGE DOW, JR

MAGISTRATE JUDGE NOLAN

***********************************************************************
*    Reproductions supplied by EDRS are the best that can be made    *
*               from the original document.              *
***********************************************************************

Case 1:08-cv-02762    Document 1-3    Filed 05/13/2008    Page 2 of 10

ED351414

| 102D CONGRESS<br>2d Session | HOUSE OF REPRESENTATIVES | REPORT<br>102–826 |
|---|---|---|

# CHINESE STUDENT PROTECTION ACT OF 1992

AUGUST 10, 1992.—Committed to the Committee of the Whole House on the State of
the Union and ordered to be printed

Mr. BROOKS, from the Committee on the Judiciary,
submitted the following

# REPORT

[To accompany S. 1216]

[Including cost estimate of the Congressional Budget Office]

The Committee on the Judiciary, to whom was referred the Act
(S. 1216) to provide for the adjustment of status under the Immi-
gration and Nationality Act of certain nationals of the People's Re-
public of China unless conditions permit their return in safety to
that foreign state, having considered the same, reports favorably
thereon with an amendment and recommends that the Act as
amended do pass.

The amendment is as follows:

Strike out all after the enacting clause and insert in lieu thereof
the following:

SECTION 1. SHORT TITLE.

This act may be cited as the "Chinese Student Protection Act of 1992".

SEC. 2. ADJUSTMENT TO LAWFUL PERMANENT RESIDENT STATUS OF CERTAIN NATIONALS OF
THE PEOPLE'S REPUBLIC OF CHINA.

(a) IN GENERAL.—Subject to subsection (c)(1), whenever an alien described in sub-
section (b) applies for adjustment of status under section 245 of the Immigration and
Nationality Act during the application period (as defined in subsection (e)) the fol-
lowing rules shall apply with respect to such adjustment:

(1) The alien shall be deemed to have had a petition approved under section
204(a) of such Act for classification under section 203(b)(3)(A)(i) of such Act.

(2) The application shall be considered without regard to whether an immi-
grant visa number is immediately available at the time the application is filed.

(3) In determining the alien's admissibility as an immigrant, and the alien's
eligibility for an immigrant visa—

(A) paragraphs (5) and (7)(A) of section 212(a) and section 212(e) of such Act
shall not apply; and

(B) the Attorney General may waive any other provision of section 212(a)
(other than paragraph (2)(C) and subparagraph (A), (B), (C), or (E) of para-

59–006

U.S. DEPARTMENT OF EDUCATION
Office of Educational Research and Improvement
EDUCATIONAL RESOURCES INFORMATION
CENTER (ERIC)

☑ This document has been reproduced as
received from the person or organization
originating it

☐ Minor changes have been made to improve
reproduction quality

• Points of view or opinions stated in this docu-
ment do not necessarily represent official
OERI position or policy.

BEST COPY AVAILABLE

2

2

graph (3)) of such Act with respect to such adjustment for humanitarian purposes, for purposes of assuring family unity, or if otherwise in the public interest.

(4) The numerical level of section 202(a)(2) of such Act shall not apply.

(5) Section 245(c) of such Act shall not apply.

(b) ALIENS COVERED.—For purposes of this section, an alien described in this subsection is an alien who—

(1) is a national of the People's Republic of China described in section 1 of Executive Order No. 12711 as in effect on April 11, 1990;

(2) has resided continuously in the United States since April 11, 1990 (other than brief, casual, and innocent absences); and

(3) was not physically present in the People's Republic of China for longer than 90 days after such date and before the date of the enactment of this Act.

(c) CONDITION; DISSEMINATION OF INFORMATION.—

(1) NOT APPLICABLE IF SAFE RETURN PERMITTED.—Subsection (a) shall not apply to any alien if the President has determined and certified to Congress before the first day of the application period, that conditions in the People's Republic of China permit aliens described in subsection (b)(1) to return to that foreign state in safety.

(2) DISSEMINATION OF INFORMATION.—If the President has not made the certification described in paragraph (1) by the first day of the application period the Attorney General shall, subject to the availability of appropriations, immediately broadly disseminate to aliens described in subsection (b)(1) information respecting the benefits available under this section. To the extent practicable, the Attorney General shall provide notice of these benefits to the last known mailing address of each such alien.

(d) OFFSET IN PER COUNTRY NUMERICAL LEVEL.—

(1) IN GENERAL.—The numerical level under section 202(a)(2) of the Immigration and Nationality Act applicable to natives of the People's Republic of China in each applicable fiscal year (as defined in paragraph (3)) shall be reduced by 1,000.

(2) ALLOTMENT IF SECTION 202(E) APPLIES.—If section 202(e) of the Immigration and Nationality Act is applied to the People's Republic of China in an applicable fiscal year, in applying such section—

(A) 300 immigrant visa numbers hall be deemed to have been previously issued to natives of that foreign state under section 203(b)(3)(A)(i) of such Act in that year, and

(B) 700 immigrant visa numbers shall be deemed to have been previously issued to natives of that foreign state under section 203(1)(5) of such Act in that year.

(3) APPLICABLE FISCAL YEAR.—

(A) IN GENERAL.—In this subsection, the term "applicable fiscal year" means each fiscal year during the period—

(i) beginning with the fiscal year in which the application period begins; and

(ii) ending with the first fiscal year by the end of which the cumulative number of aliens counted for all fiscal years under subparagraph (B) equals or exceeds the total number of aliens whose status has been adjusted under section 245 of the Immigration and Nationality Act pursuant to subsection (a).

(B) NUMBER COUNTED EACH YEAR.—The number counted under this subparagraph for a fiscal year (beginning during or after th: application period) is 1,000, plus the number (if any) by which (i) the immigration level under section 202(a)(2) of the Immigration and Nationality Act for the People's Republic of China in the fiscal year (as reduced under this subsection), exceeds (ii) the number of aliens who were chargeable to such level in the year.

(e) APPLICATION PERIOD DEFINED.—In this section, the term "application period" means the 12-month period beginning July 1, 1993.

### EXPLANATION OF AMENDMENT

Inasmuch as S. 1216 was ordered reported with a single amendment in the nature of a substitute, the contents of this report constitute an explanation of that amendment.

3

3

The purpose of S. 1216 is to provide for the adjustment of status under the Immigration and Nationality Act of certain nationals of the People's Republic of China unless conditions permit their return in safety to that foreign state.

### COMMITTEE VOTE

On July 22, 1992, a reporting quorum being present, the Committee on the Judiciary ordered S. 1216 favorably reported by voice vote.

### DISCUSSION

## I. Background

The brutal suppression of Chinese student dissidents by armed forces of the government of the People's Republic of China (PRC) in June 1989 had a direct impact on the approximately 40,000 Chinese students who were at that time living and studying in the United States. This group, which almost uniformly shared the goals of the protestors in Beijing, were perceived by PRC leaders as equally as threatening to the PRC's communist regime as those who had participated in the Tiananmen Square demonstrations. Accordingly, in June 1989, the U.S. Government took action to ensure that at least for 12 months no PRC national (not just students) then in the United States would be involuntarily returned to China. On April 11, 1990, President Bush extended this "Deferred Enforced Departure" program ("DED") through an Executive Order (No. 12711) that extended the DED program until January 1, 1994. That Executive Order follows:

### EXECUTIVE ORDER: POLICY IMPLEMENTATION WITH RESPECT TO NATIONALS OF THE PEOPLE'S REPUBLIC OF CHINA

By the authority vested in me as President by the Constitution and laws of the United States of America, the Attorney General and the Secretary of State are hereby ordered to exercise their authority, including that under the Immigration and Nationality Act (8 U.S.C. 1101–1557), as follows:

Section 1. The Attorney General is directed to take any steps necessary to defer until January 1, 1994, the enforced departure of all nationals of the People's Republic of China (PRC) and their dependents who were in the United States on or after June 5, 1989, up to and including the date of this order (hereinafter "such PRC nationals").

Sec. 2. The Secretary of State and the Attorney General are directed to take all steps necessary with respect to such PRC nationals (a) to waive through January 1, 1994, the requirement of a valid passport and (b) to process and provide necessary documents, both within the United States and at U.S. consulates overseas, to facilitate travel across the borders of other nations and reentry into the United States in the same status such PRC nationals had upon departure.

4

4

Sec. 3. The Secretary of State and the Attorney General are directed to provide the following protections:

(a) irrevocable waiver of the 2-year home country residence requirement that may be exercised until January 1, 1994, for such PRC nationals;

(b) maintenance of lawful status for purposes of adjustment of status or change of nonimmigrant status for such PRC nationals who were in lawful status at any time on or after June 5, 1989, up to and including the date of this order;

(c) authorization for employment of such PRC nationals through January 1, 1994; and

(d) notice of expiration of nonimmigrant status (if applicable) rather than the institution of deportation proceedings, and explanation of options available for such PRC nationals eligible for deferral of enforced departure whose nonimmigrant status has expired.

Sec. 4. The Secretary of State and the Attorney General are directed to provide for enhanced consideration under the immigration laws for individuals from any country who express a fear of persecution upon return to their country related to that country's policy of forced abortion or coerced sterilization, as implemented by the Attorney General's regulation effective January 29, 1990.

Sec. 5. The Attorney General is directed to ensure that the Immigration and Naturalization Service finalizes and makes public its position on the issue of training for individuals in F-1 visa status and on the issue of reinstatement into lawful nonimmigrant status of such PRC nationals who have withdrawn their applications for asylum.

Sec. 6. The Departments of Justice and State are directed to consider other steps to assist such PRC nationals in their efforts to utilize the protections that I have extended pursuant to this order.

Sec. 7. This order shall be effective immediately.

GEORGE BUSH.

THE WHITE HOUSE, *April 11, 1990.*

Currently, approximately 80,000 PRC nationals in the United States have applied for and received benefits under the DED program. Of that number, 70,000 have received not only permission to remain here through January 1, 1994, but also authorization to work in the United States. In addition, of that 80,000 population, approximately 8,000 have become lawful permanent resident aliens, in most cases based on their employment skills, and therefore no longer need the benefits provided by the DED program.

## II. Need for legislation

Unless Congress acts to regularize the status of PRC nationals now temporarily protected under the DED program, the President will at some point either extend the DED program for an additional period of time, or the President will allow the program to lapse, placing most if not all of the current beneficiaries in illegal status.

5

5

Each of the above options presents serious risks. If the program is again extended, program beneficiaries will continue to live here in a limbo status, unable to make long-term plans regarding education, employment, or the welfare of their families. Assimilation will be impeded. Alternatively, if the program is not extended, the Immigration and Naturalization Service will be faced with additional and severe enforcement problems in locating and deporting this large population of persons from the United States. This effort would be further complicated by the fact that virtually all the current beneficiaries of DED could be expected to request asylum. The Committee's most recent statistics, covering the period from October 1, 1990 to March 1, 1991, show that the asylum approval rate for PRC nationals is 92 percent. The current number of backlogged asylum cases is 120,000.

In the past, Congress has acted on several occasions to regularize the immigration status of persons who were present in the United States for a significant amount of time and who faced an uncertain future if returned to their home countries.

In 1986, for example, the Immigration Reform and Control Act extended permanent resident status to the thousands of Cuban and Haitian nationals who had arrived during the Mariel boat-lift episode. Public Law 99–603, section 202).

In 1987 President Reagan signed into law a measure that permitted Ethiopians, Afghans and Poles who had been living here since 1984 under Extended Voluntary Departure status to become permanent resident aliens. Public Law 100–204, section 902).

In 1989 this Committee approved a measure, which subsequently became law, that allowed approximately 10,000 Soviet and Vietnamese parolees to become permanent resident aliens. Public law 101–167, section 599E).

### III. Summary of bill

S. 1216 authorizes the Attorney General to grant lawful permanent residency to any national of the People's Republic of China (and the dependents of any such national) who (1) was in the United States after June 4, 1989 and before April 11, 1990; (2) has resided continuously in the United States since April 11, 1990 (other than for brief, casual and innocent absences); and (3) was not physically present in the PRC for longer than 90 days after April 11, 1990.

The bill disqualifies from the program any alien who is excludable as a drug trafficker, terrorist, security risk, foreign policy risk, or persecutor. It waives the exclusions regarding labor certification, documentary requirements, and, in the case of exchange visitors, the two-year foreign residency requirement. The bill makes all other exclusions waivable.

S. 1216 establishes a one-year application period, beginning on July 1, 1993. The bill also cancels the adjustment program established by this Act if the President Certifies by July 1, 1993 that it is safe for such aliens to return to the PRC.

S. 1216 places the number of Chinese adjustments within the worldwide annual quota of section 201 of the Immigration and Nationality Act and deducts from the PRC's per country ceiling each year a portion of the number of Chinese who adjust under this act.

**6**

6

Because the worldwide quota is not waived, applicants will be required to await the availability of a visa number.

Finally, the bill specifies that the per country reduction for the PRC shall be 1,000 whenever the PRC's per country ceiling for a particular year is likely to be met. This 1,000 shall consist of 300 numbers taken from that country's "skilled workers" allocation and 700 numbers from that country's "investor" allocation.

The Committee adopted two changes to S. 1216 as passed by the Senate in order to address concerns raised by the Department of Justice. The first modification waived the restrictions of Section 245(c) of the Immigration and Nationality Act for purposes of the program established by the legislation. The second change extended the application period under the program from six months to one year.

## IV. History of bill

S. 1216 was introduced in the Senate by Senator Gorton on June 4, 1991. The Senate Subcommittee on Immigration and Refugee Affairs approved the bill, by voice vote, with an amendment in the nature of a substitute, on April 3, 1992. The bill, as amended, was approved by the Senate Judiciary Committee on May 7, 1992. The bill, as amended, passed the Senate by voice vote on May 21, 1992. On May 27, 1992, the bill was referred to the House Judiciary Committee.

On June 24, 1992, the Subcommittee on International Law, Immigration, and Refugees ordered the bill favorably reported to the full Committee, without amendment, by voice vote.

### COMMITTEE OVERSIGHT FINDINGS

In compliance with clause 2(l)(3)(A) of rule XI of the Rules of the House of Representatives, the Committee reports that the findings and recommendations of the Committee, based on oversight activities under clause 2(b)(1) of rule X of the Rules of the House of Representatives, are incorporated in the descriptive portions of this report.

### COMMITTEE ON GOVERNMENT OPERATIONS OVERSIGHT FINDINGS

No findings or recommendations of the Committee on Government Operations were received as referred to in clause 2(l)(3)(D) of rule XI of the Rules of the House of Representatives.

### NEW BUDGET AUTHORITY AND TAX EXPENDITURES

Clause 2(l)(3)(B) of House Rule XI is inapplicable because this legislation does not provide new budgetary authority or increased tax expenditures.

### CONGRESSIONAL BUDGET OFFICE COST ESTIMATE

In compliance with clause 2(l)(C)(3) of rule XI of the Rules of the House of Representatives, the Committee sets forth, with respect to the bill S. 1216, the following estimate and comparison prepared by the Director of the Congressional Budget Office under section 403 of the Congressional Budget Act of 1974:

7

7

U.S. CONGRESS,
CONGRESSIONAL BUDGET OFFICE,
*Washington, DC, July 31, 1992.*

Hon. JACK BROOKS,
*Chairman, Committee on the Judiciary, House of Representatives,*
*Washington, DC.*

DEAR MR. CHAIRMAN: The Congressional Budget Office has reviewed S. 1216, the Chinese Student Protection Act of 1992, as ordered reported by the House Committee on the Judiciary on July 22, 1992. Assuming the absence of Presidential certification (as discussed below), we estimate that enactment of this legislation would result in costs to the federal government of no more than $1 million over fiscal years 1993 and 1994, assuming appropriation of the necessary amounts. The act would have a negligible effect on direct spending and thus would be subject to pay-as-you-go procedures under section 252 of the Balanced Budget and Emergency Deficit Control Act of 1985. As a result, the estimate required under clause 8 of House Rule XXI is attached.

Under current law, the Attorney General can adjust the status of an alien legally residing in the United States to that of an "alien lawfully admitted for permanent residence" (that is, a permanent U.S. visa holder) if certain requirements are met. One such requirement is that the annual U.S. visa allotment for visitors from the alien's home country has not been exceeded. S. 1216 would waive this requirement for nationals of the People's Republic of China described in Executive Order No. 12711 who have resided more or less continuously in the U.S. since April 11, 1990. (This description applies to roughly 70,000 Chinese nationals, about half of whom are students.) In other words, the bill would allow additional Chinese nationals to be granted permanent resident status even if the annual cap on visas for visitors from China were reached. Under the provisions of the act, the number of visas granted to Chinese nationals above the cap would be subtracted from China's allotment in future years.

The act contains several other provisions that would simplify and facilitate the adjustment of status for Chinese nationals. The provisions of S. 1216 would apply *only* if the President has not certified to the Congress by July 1, 1993, that conditions in China permit nationals to return there in safety. In the absence of such certification, the act would direct the Attorney General to communicate to eligible Chinese nationals information about the benefits available under the act. In addition, Chinese nationals could apply for adjustment of status under the provisions of S. 1216 only during the 12-month period beginning July 1, 1993.

Assuming that the President would not provide certification to Congress by July 1, 1993, enactment of S. 1216 probably would result in more applications for adjustments to status by Chinese nationals during the period between July 1993 and July 1994. While this would increase administrative costs to the Immigration and Naturalization Service (INS), such costs would be covered by fees. Fees charged by the INS would be recorded as offsetting receipts, and additional spending by the INS would be considered

8

8

direct spending. Thus, there would be no net budgetary impact from any additional INS activity.

Chinese nationals who are granted permanent resident status under the provisions of S. 1216 would gain undisputed eligibility for the following federal assistance programs: Aid to Families with Dependent Children (AFDC), Medicaid, and Food Stamps. Under current law, there is some uncertainty as to whether the Chinese nationals not on permanent resident status are eligible for these benefit programs, though they probably are. Enactment of S. 1216 might result in more applications for benefits because of the increased certainty of eligibility. We estimate that any increased costs to the federal benefit programs would be insignificant. Any such costs would be considered direct spending.

CBO estimates that the costs incurred by the INS to communicate information about the provisions of S. 1216 would be less than $1 million, based on that agency's concept of a practical and feasible communication plan. Any such funding would be subject to future appropriation.

The state share of AFDC and Medicaid could grow under the bill, but we estimate that such cost increases would not be significant.

If you wish further details on this estimate, we will be pleased to provide them. The CBO staff contact is Mark Grabowicz, who can be reached at 226–2860.

Sincerely,

JAMES L. BLUM,
*For Robert D. Reischauer, Director.*

### CONGRESSIONAL BUDGET OFFICE ESTIMATE [1]

The applicable cost estimate of this act for all purposes of sections 252 and 253 of the Balanced Budget and Emergency Deficit Control Act of 1985 shall be as follows·

[By fiscal year, in millions of dollars]

|  | 1992 | 1993 | 1994 | 1995 |
|---|---|---|---|---|
| Change in outlays | 0 | 0 | 0 | 0 |
| Change in receipts | (¹) | (¹) | (¹) | (¹) |

¹ Not applicable.

### INFLATIONARY IMPACT STATEMENT

Pursuant to clause 2(l)(4) of rule XI of the Rules of the House of Representatives, the Committee estimates that S. 1216 will have no significant inflationary impact on prices and costs in the national economy.

---

[1] An estimate of S. 1216 as ordered reported by the House Committee on the Judiciary on July 22, 1992. This estimate was transmitted by the Congressional Budget Office on July 31, 1992.

O

# The American Presidency Project

*John T. Woolley & Gerhard Peters • University of California at Santa Barbara*

return to original document

• **George Bush**

**Executive Order 12711 - Policy Implementation With Respect to Nationals of the People's Republic of China**

*April 11th, 1990*

By the authority vested in me as President by the Constitution and laws of the United States of America, the Attorney General and the Secretary of State are hereby ordered to exercise their authority, including that under the Immigration and Nationality Act -1557), as follows:

10Section 1. The Attorney General is directed to take any steps necessary to defer until January 1, 1994, the enforced departure of all nationals of the People's Republic of China (PRC) and their dependents who were in the United States on or after June 5, 1989, up to and including the date of this order (hereinafter "such PRC nationals").

Sec. 2. The Secretary of State and the Attorney General are directed to take all steps necessary with respect to such PRC nationals (a) to waive through January 1, 1994, the requirement of a valid passport and (b) to process and provide necessary documents, both within the United States and at U.S. consulates overseas, to facilitate travel across the borders of other nations and reentry into the United States in the same status such PRC nationals had upon departure.

Sec. 3. The Secretary of State and the Attorney General are directed to provide the following protections:

(a) irrevocable waiver of the 2-year home country residence requirement that may be exercised until January 1, 1994, for such PRC nationals;

(b) maintenance of lawful status for purposes of adjustment of status or change of nonimmigrant status for such PRC nationals who were in lawful status at any time on or after June 5, 1989, up to and including the date of this order;

(c) authorization for employment of such PRC nationals through January 1, 1994; and

(d) notice of expiration of nonimmigrant status (if applicable) rather than the institution of deportation proceedings, and explanation of options available for such PRC nationals eligible for deferral of enforced departure whose nonimmigrant status has expired.

Sec. 4. The Secretary of State and the Attorney General are directed to provide for enhanced consideration under the immigration laws for individuals from any country who express a fear of persecution upon return to their country related to that country's policy of forced abortion or coerced sterilization, as implemented by the Attorney General's regulation effective January 29, 1990.

Sec. 5. The Attorney General is directed to ensure that the Immigration and Naturalization Service finalizes and makes public its position on the issue of training for individuals in F-1 visa status and on the issue of reinstatement into lawful nonimmigrant status of such PRC nationals who have withdrawn their applications for asylum.

Sec. 6. The Departments of Justice and State are directed to consider other steps to assist such PRC nationals in their efforts to utilize the protections that I have extended pursuant to this order.

Sec. 7. This order shall be effective immediately.

George Bush
The White House,
April 11, 1990.

**Citation:** John T. Woolley and Gerhard Peters, *The American Presidency Project* [online]. Santa Barbara, CA: University of California (hosted), Gerhard Peters (database). Available from World Wide Web: (http://www.presidency.ucsb.edu/ws/?pid=23556).

© 1999-2008 - Gerhard Peters - The American Presidency Project

# Law Office of Nathaniel K. Hsieh

111 W. Washington Street, Suite 1601, Chicago, IL 60602
Tel: (312) 977-0809; Fax: (312) 977-0811
e-mail: tritent01@aol.com

April 17, 2007

Ms. Deborah Gordon
Chief Staff Attorney
USCIS- Chicago District
101 W. Congress Pkwy
Chicago, IL 60605

RE:   Request for Re-Examination and Adjustment of Status
Alien:      Jun-yun ZHANG, A# 70-310-245

Dear Ms. Gordon:

I am the attorney of record for the above referenced individual as authorized by the enclosed G-28.

Mr. Junyun Zhang is currently undergoing exclusion proceedings before the Chicago Immigration Court. As a result of his last Master Calendar Hearing held on April 13, 2007, both the Immigration Judge and the Service have agreed to have the proceedings continued until December of this year pending the examination of Mr. Zhang's eligibility for adjustment of status. I have been recommended to contact you to seek your help to have this accomplished.

I have enclosed the relevant documentation and record of prior proceedings with the purpose to request an appointment for the re-examination and eventual adjustment of status of Respondent by you. The following statement of events are highlighted for your convenience:

01.   Respondent is a Chinese national who entered the United States without inspection on January 9, 1989. Exhibit 01.

1

02.     On July 17, 1992, the INS New York District Office received and approved Respondent's advanced parole document. Exhibit 02.

03.     Shortly thereafter, Respondent departed and then returned to the United States on October 12, 1992. Exhibits 03 & 11.

04      Pursuant to the Chinese Student Protection Act, the Vermont Service Center received and started the processing of Respondent's adjustment of status application. Exhibit 04

05      Respondent was interviewed by the Chicago District Office regarding his adjustment of status application on May 11, 1994. Exhibit 05

06      On November 4, 1994, D. Dobberfuhl, the immigration examiner, issued a written decision on Respondent's adjustment of status application, stating in relevant part:

> "[Respondent] failed to prove he had a legal entry at any time – He claims to have left the U.S. on July 16, 1992 to travel to China and returned to the U.S. on October 12, 1992, when he was paroled back into this country. Subject has failed to established that he was actually paroled into the country. He was not able to provide a passport, advanced parole papers, or other proof to substantiate his claim." Exhibit 06.

07      Upon the rejection of Respondent's adjustment of status application, he was subsequently placed in deportation proceedings before the Immigration Court. Exhibit 07.

[We are of the position that, first, the enclosed service record shows undeniably that Respondent in fact has been approved of his adjustment of status; alternatively, the record on file has indisputably indicated that Respondent has met all the relevant requirements for adjustment of status as a CSPA principal and should have been allowed to adjust his status.]

2

08&09. Exhibits 08 and 09 indicates that the lawful permanent resident status was in fact already accorded him, and even notification of such approval was sent to Respondent. Id. Why Respondent was then subsequently re-interviewed and re-examined by the Chicago District Office is something Respondent and this Counsel can not comprehend to this date.

10    The Chicago District Office rejected Respondent's adjustment of status application for failure to produce documentation of second re-entry in October, 1992. However, Service record through our FOIA requests have disclosed the existence of these records:

1).    Exhibit 11 is a copy of the I-94 Respondent claimed to have lost and the Service claims to have requested. It clearly documents Respondent's lawful return on October 12, 1992.

2).    Respondent's request for replacement of his I-94 was also approved by the Service. Exhibit 12.

3).    Respondent also tendered copy of his initial passport issued in 1988 and his replacement passport of 1992 which the Service claims Respondent has not produced. Exhibit 13 & 14.

Dear Ms. Gordon, at hand is a case that has gone one for more than ten years. As the record indicates, the Service has on file all the documentation and proof needed for Respondent's adjustment of status which ironically already appears to have been approved. Under these circumstances, it appears reasonable for the Immigration Court to state that the Chicago District Office has jurisdiction and sole power to resolve this matter more effectively and effficiently.

Based on the above documentation presented, it is therefore requested that Respondent be afforded anther examination appointment at your earliest convenience for the adjustment of his status. The past ten plus years have seen tremendous amount of Service manpower expended on Respondent's adjustment of status or exclusion. Your attention and direction in bringing this matter to an effective and expeditious closure is greatly appreciated in advance.

3

Sincerely yours,

Nathaniel K. Hsieh
Attorney at Law

Enclosures.


cc:    Hon. Judge Bower
       Immigration Court, Chicago District

       Assistant District Counsel
       USCIS Chicago District

4

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

*Appearances* - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. *Availability of Records* - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date: 08/02/2006 |
|---|---|
| ZHANG, Junyun | File No. A# 70-310-245 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: | ☑ Petitioner    ☐ Applicant |
|---|---|
| ZHANG, Junyun | ☐ Beneficiary |

| Address: (Apt. No.) | (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|
| | 3043 S Archer Ave., | Chicago, | IL | 60608 |

| Name: | ☐ Petitioner    ☐ Applicant |
|---|---|
| | ☐ Beneficiary |

| Address: (Apt. No.) | (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
   the Supreme courts IL &    IA                                   and am not under a court or administrative agency
                              *Name of Court*
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
   the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | 111 West Washington Street, Ste.818 |
| | Chicago, IL 60602 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Nathaniel K. Hsieh | (312)977-0809 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

_____
*(Name of Attorney or Representative)*

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

Jun Yun 张 AANG

| Name of Person Consenting | Signature of Person Consenting: | Date 3/9/57 |
|---|---|---|
| ZHANG, Junyun | Jun Yun 张 张 | 08/02/2006 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00) Y

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, ILLINOIS


NATHANIEL K. HSIEH
111 W. WASHINGTON, STE. 818
CHICAGO        IL 60602


FILE: A70-310-245                                      DATE:

NOTICE OF HEARING IN IMMIGRATION PROCEEDING

RE:  ZHANG, JUNYUN

PLEASE TAKE NOTICE THAT THE ABOVE CAPTIONED CASE HAS BEEN SCHEDULED FOR A
MASTER~~/INDIVIDUAL~~ HEARING BEFORE AN IMMIGRATION JUDGE ON _Dec 28, 2005_
AT _____10:30 a.m._____ AT

               55 EAST MONROE ST., COURT ROOM E
               CHICAGO, IL  60603

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT,
BY AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT
PERSONS BEFORE AN IMMIGRATION JUDGE.  IF YOU WISH TO BE SO REPRESENTED,
YOUR ATTORNEY OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THE HEARING.

YOU WILL BE EXPECTED TO PLEAD TO THE ALLEGATIONS IN THE CHARGING DOCUMENT
AT THIS HEARING.  IN ADDITION, ALL APPLICATIONS AND MOTIONS FOR RELIEF
SHOULD BE SUBMITTED.  PREPARE SUFFICIENT COPIES OF APPLICATIONS OR MOTIONS
TO SERVE ALL PARTIES.

FAILURE TO APPEAR AT YOUR HEARING MAY RESULT IN ONE OR MORE OF THE
FOLLOWING ACTIONS:
    1.  YOU MAY BE TAKEN INTO CUSTODY BY THE IMMIGRATION AND NATURALIZATION
        SERVICE AND HELD FOR FURTHER ACTION.
    2.  IF YOU ARE IN EXCLUSION PROCEEDINGS;
        b.  YOUR APPLICATION FOR ADMISSION TO THE UNITED STATES MAY BE
            CONSIDERED WITHDRAWN, OR
        b.  YOUR HEARING MAY BE HELD IN YOUR ABSENCE AND AN ORDER ENTERED
            AGAINST YOU PURSUANT TO THE BOARD OF IMMIGRATION APPEALS
            DECISION IN MATTER OF NAFI, INTERIM DECISION 3024 (1987).

    FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180.
                                                              AG

PWS

_Court Clerk_

# RECORD OF DEPORTABLE ALIEN

(See A.M. - 2790 31 - 34 for Instructions)

| Family Name (Capital Letters) | Given Name | Middle Name |
|---|---|---|
| ZHANG | Jun | Yun |

| Country of Citizenship | Passport Number and Country of Issue | File Number |
|---|---|---|
| China | 1020127 China | A70 310 245 |

**Sex** male  **Hair** black  **Eyes** brown  **Complexion** light

U.S. Address (Residence) (Number) (Street) (City) (State) (Zip Code)
3847 Minnesota Avenue NE WAshington D.C. 20019

**Height** 5'6"  **Weight** 125  **Occupation** cook

Date, Place, Time, Manner of Last Entry
1/9/89, Miami Florida, EWI

Passenger Boarded At

Scars or Marks
none visible

Number, Street, City, Province (State) and Country of Permanent Residence
Fujian, China

F.B.I. No

Marital Status: ☐ Widower ☐ Single ☒ Married ☐ Separated ☐ Divorced

Birthdate
9/11/67 (22)

Date of Action
6/19/90

Location Code
WAS

Method of Location/Apprehension
518.1/ walk in

City, Province (State) and Country of Birth
Fujian, China

AR ☒☒ Form (Type & No.)
☐ Lifted  ☐ Not Lifted

(At/Near)
Arlington

Date & Hour
6/19/90 1200

By
[redacted] b7C

Visa Issued At—NIV No
none

Social Security Account Name
none

Status at Entry
Illegal

Status When Found
In Travel/Seek

Date Visa Issued
none

Social Security No.
none

Send C O Rec. Check To:
WAS

Length of Time Illegally in U.S.
over one year

Immigration Record
no prior INS record found

Criminal Record
none found

Name, Address, and Nationality of Spouse (Maiden Name, if appropriate)
Chan Fei Jou, China

Number & Nationality of minor Children
(2) China

Father's Name, and Nationality and Address, if Known
Zhang, Tsz Lam CHina, Fujian China

Mother's Present and Maiden Names, Nationality, and Address, if Known
Zhang, Ho Mei, China , Fujian China

Monies Due/Property in U.S. Not in Immediate Possession
☐ None Claimed  ☐ See Form I-43

Fingerprinted
☒ Yes  ☐ No

Lookout Book Checked
☐ Not Listed  ☐ Listed, Code

Deportation Charge(s) (Code Words)
ROTEN

Name and Address of (Last) (Current) U.S. Employer  6192 Allendown
Hunan Restaurant Camp Spring, MD 20748

Type of Employment
cook

Salary
$800 mo

From: Mar 90  To: present

Narrative (Outline particulars under which alien located/apprehended. Include details, not shown above, re time, place, manner of last entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior. Alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).)

Initial JPA  Date 6/19/90

AT ENTRY: EWI, 1/9/89, Miami, Florida

SMUGGLED ALIEN: Subject claims he paid $18,000 US Dollars / from family/ to be smuggled via Bangkok, Thailand to Miami, Florida by using a Singapore Passport by fraud to make visitors Visa in Singapore Passport. Subject claims he does not know the name on this passport and believed to have used a departure date of 1/7/89 from Bangkok after he arrived in Miami, Florida.

OTHER FACTORS: Subject traveled to New York, Chinatown to work as assistant cook and then traveled to WAshington D.C. to work at Hunan Restaurant Camp Springs ,MD where he is still presently employed.
NO IMMEDIATE FAMILY IN US.

b7C

REC: I-210 PER EXECUTIVE ORDER 12711 ON 4/11/90 UNTIL 1/1/94

(If space insufficient, show "continued" and continue on reverse, from bottom up)

Special Agent [redacted] (Signature and Title)

| DISTRIBUTION | Received (subject and documents) (Report of interview) from |
|---|---|
| 1 - File | |
| 1 - Statistics | Officer 19 JUN 19 90 at ( ) M. |
| 1 - AM CONS | Disposition I-210 until 1/1/94 |
| | (Receiving Officer) [redacted] |

Form I-213 (Rev 4-16-79) Y UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service

b7C

EX-01

G 216

**U.S. Department of Justice**
Immigration and Naturalization Service

**AUTHORIZATION FOR PAROLE OF AN ALIEN**

**INTO THE UNITED STATES**

| Name of Alien | (First) | (Middle) | (Last) | | Date |
|---|---|---|---|---|---|
| | Jun | Yun | Zhang | | 07/17/92 |

File Number
A70 310 245

| Date of Birth (Month) (Day) (Year) | Place of Birth | (City or town) | (State or province) | (Country) |
|---|---|---|---|---|
| 9/11/67 | China | | | |

U.S. Address  (Apt. number and/or in care of)  (Number and street)  (City or town)  (State)  (ZIP Code)
1309 78th Street, Brooklyn New York  11228

Presentation of the attached duplicate of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____ October 16, 1992 _____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

☐ as an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

☐

Single Entry

Remarks Advance parole authorized .

"THE HOLDER OF THIS DOCUMENT WILL BE READMITTED UNDER THE
PRESIDENT'S EXECUTIVE ORDER 12711 OF APRIL 11, 1990."
DEFERRED ENFORCEMENT OF DEPARTURE STATUS UNTIL
JANUARY 1, 1994.

Mary Ann Gantner/ i.d.
ADD/Examinations                                    NYC
_____                    _____
(Signature of Immigration Officer)                    (Authorizing Office )



EX-52

## ROUTING AND TRANSMITTAL SLIP

Date 7/17/9

TO: (Name, office symbol, room number, building, Agency/Post)

| | | Initials | Date |
|---|---|---|---|
| 1. | *Special Desk* | | |
| 2. | *Room 3500* | | |
| 3. | *Time 8:30 R* | | |
| 4. | | | |
| 5. | | | |

| Action | File | Note and Return |
|---|---|---|
| Approval | For Clearance | Per Conversation |
| As Requested | For Correction | Prepare Reply |
| Circulate | For Your Information | See Me |
| Comment | Investigate | Signature |
| Coordination | Justify | |

REMARKS

*Req advance parole for Chang Jun Yun*
*P of B— China*
*D of B— 9/11/67*

DO NOT use this form as a RECORD of approvals, concurrences, disposals, clearances, and similar actions

FROM: (Name, org. symbol, Agency/Post)

Room No.— Bldg.

Phone No.

5041–102

* U.S. GPO. 1990 — 262-080

OPTIONAL FORM 41 (Rev. 7–76)
Prescribed by GSA
FPMR (41 CFR) 101–11.206

U.S. Department of Justice
Immigration and Naturalization Service

OMB #1115-000

Application for Travel Documer

## START HERE - Please Type or Print

### Part 1.  Information about you.

| | |
|---|---|
| Family Name ZHANG | Given Name JUN | Middle Initial YUN |

Address - C/O

| | |
|---|---|
| Street Number and Name 1309 78st Ave. | Apt. # |
| City Brooklyn | State or Province N. J. |
| Country U.S.A | ZIP/Postal Code 11228 |
| Date of Birth (Month/Day/Year) 09/11/1967 | Country of Birth CHINA |
| Social Security # 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 | A # 070310245 |

### Part 2.  Application Type (check one).

a. ☐ I am a permanent resident or conditional resident of the United States and I am applying for a Reentry Permit.

b. ☐ I now hold U.S. refugee or asylee status and I am applying for a Refugee Travel Document.

c. ☐ I am a permanent resident as a direct result of refugee or asylee status, and am applying for a Refugee Travel Document.

d. ☒ I am applying for an Advance Parole to allow me to return to the U.S. after temporary foreign travel.

e. ☐ I am outside the U.S. and am applying for an Advance Parole.

f. ☐ I am applying for an Advance Parole for another person who is outside the U.S.  *Give the following information about that person:*

| | |
|---|---|
| Family Name | Given Name | Middle Initial |
| Date of Birth (Month/Day/Year) | Country of Birth |

Foreign Address - C/O

| | |
|---|---|
| Street Number and Name | Apt. # |
| City | State or Province |
| Country | ZIP/Postal Code |

### Part 3.  Processing Information.

| Date of intended departure (Month/Day/Year) July/21/1992 | Expected length of trip. 3 months |
|---|---|

Are you, or any person included in this application, now in exclusion or deportation proceedings?

☒ No     ☐ Yes, at (give office name)

*If applying for an Advance Parole Document, skip to Page 7.*

Have you ever before been issued a Reentry Permit or Refugee Travel Document?

☐ No     ☐ Yes (give the following for the last document issued to you)

| Date Issued | Disposition (attached, lost, etc.) |
|---|---|

Form I-131 (Rev. 12/10/91) N      *Continued on back.*

$65.00

---

### FOR INS USE ONLY

| Returned | Receipt |
|---|---|

RECEIVED - 17
INFORMATION
JUL 17 1992
Immigration and
Naturalization Service
Reloc Sent New York, N.Y.

Reloc Rec'd

☐ Applicant Interviewed on

**Document Issued**
☐ Reentry Permit
☐ Refugee Travel Document
☐ Single Advance Parole
☐ Multiple Advance Parole
Validity to

**If Reentry Permit  or Refugee Travel Document**
☐ Mail to Address in Part 2
☐ Mail to American Consulate
☐ Mail to INS overseas office
AT

**Remarks:**
☐ Document Hand Delivered
On          By

**Action Block**

**To Be Completed by**
*Attorney or Representative, if any*
☐ Fill in box if G-28 is attached to represent the applicant
VOLAG#
ATTY State License #

UNITED STATES DEPARTMENT OF JUSTICE

A70310245

JUN YUN ZHANG

9-11-67    CHINA

1309 78TH STREET
BROOKLYN NY 11229

SINGLE ENTRY

~~Route~~ Advance parole authorized ~~after travel to~~

"THE HOLDER OF THIS DOCUMENT WILL BE READMITTED
PRESIDENT'S EXECUTIVE ORDER 12711 OF APRIL 11,
DEFERRED ENFORCEMENT OF DEPARTURE STATUS UNTIL
JANUARY 1, 1994.

Mary Ann Gantner/
A/D/Examinations

PHOTOGRAPH

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Action

| Applicant/Petitioner A #<br>A70 310 245 | Application/Petition 1485<br>APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|
| Receipt #<br>EAC-94-041-50017 | Applicant/Petitioner<br>ZHANG, JUNYUN |
| Notice Date | Page 1 of 2 | Beneficiary |
| November 26, 1993 | | |

JUNYUN ZHANG
4748 N OLCOTT AVE B
HARWOOD HEIGHTS IL 60656

Ilildhadhdhdhdhull

Receipt Notice

Amount received: $ 120.00

Notice also sent to:
None

The above application or petition has been received. It usually takes 30 to 90 days from the date of this receipt for us to process this type of application. However, before we can process your application you must take this notice to your local INS office and have your identity verified and your fingerprint and signature taken on Form I-89. This is necessary for us to process your application and, if we approve it, to produce your alien registration card. Please review the spelling of your name in the applicant block above. If corrections are necessary, please submit a copy of this notice with the corrections when you have your identity verified.

Please take this notice, and identification, such as a driver's license or passport, with you. From your mailing address, the nearest local INS office is at the following address:

Room 333
10 West Jackson Blvd.
Chicago, IL 60604

*I-89 processed*
*CHI - 12-20-93*
*R.K.*

Monday through Friday
8:00 a.m. - 4:30 p.m.

When you complete the form, the local INS office will forward it to us so we can include it with your application. However, if you do not go to an INS office and complete the form within 12 weeks, we will have to conclude that you have decided to abandon your application. This will result in the denial of your application.

If you have any questions concerning the status of this case while it is pending at this office, you may call us at the number listed below. This number is for an automated telephone system, available 24 hours a day with a touch-tone phone. The system will ask you what type of information you are seeking. Enter the appropriate number for case status information. The system will then ask you to key in the receipt number of the case. You will find the receipt number for this case at the top of this

You will be notified separately about any other applications or petitions you filed. Save this notice. Please enclose a copy of it if you write to us about this case, or if you file another application based on this decision. Our address is:

IMMIGRATION & NATURALIZATION SERVICE
EASTERN SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Tel: (802) 527-3160



Form I-797 (8/03/90) Y

Please see additional information on the back.

*Ex -04*



U.S. Department of Justice

Immigration and Naturalization Service

Junyun zhang
4748 N. Olcott Ave. Apt. B
Harwood Heights, Illinois 60656

File Number
A 70 310 245

Date

April 19, 1994



*Waiting to Speak with you*

Please come to the office shown below at the time and place indicated in connection with an official matter.

| OFFICE LOCATION | I.N.S. 10 W. Jackson Blvd. Chicago, Illinois 60604 *Attn: TC. 5881* | Room No. 323 | Floor No. 3rd |
|---|---|---|---|
| DATE AND HOUR | *MAY* ~~April~~ 11, 1994 at 12:00 Noon | | |
| ASK FOR | IMMIGRATION OFFICER | | |
| REASON FOR APPOINTMENT | ADJUSTMENT OF STATUS | | |
| BRING WITH YOU | TWO PICTURES AND YOUR PASSPORT AND ANY OTHER DOCUMENT THAT YOU HAVE PERTAINING TO THIS MATTER. | | |

IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.

If you are unable to do so, state your reason, sign below and return this letter to this office at once.

| I am unable to keep the appointment because: | |
|---|---|
| SIGNATURE | DATE |

Very truly yours,

A.D. Moyer
District Director

G-56

*Ex-05*

Immigration & Naturalization Service
10 West Jackson Boulevard
Chicago, Illinois 60604

JAN 0 4 1995

Junyun Zhang                                    A70 310 245
2243 S. Wentworth   #2F
Chicago, IL  60616


### NOTICE OF DENIAL ON APPLICATION FOR PERMANENT RESIDENT

Upon consideration, it is ordered that your application for
status as a permanent resident of the United States be denied for
the following reasons:

On November 26, 1993, you submitted an application for adjustment
of status to permanent resident of the United States under
United States Public Law No. 102-404. One of the requirements to
qualify as a class member of the Chinese Student Protection Act
is that the applicant must have had a legal entry into the United
States.

A review of your case reveals that you have failed to establish
proof that you were legally permitted to enter this country.  In
your statement under oath, you stated that you first arrived in
the United States in 1989 and entered without inspection by an
immigration officer.  You further stated that you left the United
States July 15, 1992 to travel to China.  You claim to have
returned to the United States on October 12, 1993 by using travel
papers (advanced parole).  However, you have failed to establish
that you actually were paroled back into the country.  You were
not able to present your passport, advanced parole papers, or any
other proof to substantiate your claim.  The only paper you
provided to this Service was a replacement I-94 that only
indicates you were placed into deferred departure status until
January 1, 1994.

Therefore, your application for permanent resident must be, and
is hereby, denied.

Sincerely,

A. D. Moyer
District Director


CC:  Attorney Tony T. Shu

INS:DIEXM:DOBBERFUHL:dsd:  10-06-94


Ex - 06

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
10 W JACKSON
CHICAGO, IL 60604

## NOTICE TO APPLICANT FOR ADMISSION DETAINED FOR HEARING
## BEFORE IMMIGRATION JUDGE

To: __ZHANG, Junyun__          Date: __November 4, 1994__

PLEASE TAKE NOTICE THAT:

You do not appear to me to be clearly and beyond a doubt entitled to enter the United States as you may come within the exclusion provisions of Section 212 (a)(5)(A)(i)

of the Immigration and Nationality Act, as amended, in that:
you are an alien seeking to enter the United States. for the purpose of performing skilled or unskilled labor, without a labor certificate: 212(a)(7)(A)(i)(I)you are an immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa. reentry permit, border crossing identification card, or other valid entry document required by this act

Therefore you are detained under the provisions of Section 235 (b) of the Immigration and Nationality Act, as amended, for a hearing before a Immigration Judge to determine whether or not you are entitled to enter the United States or whether you shall be excluded and deported. During such hearing you will have the right to be represented by counsel and to have a friend or relative present.

AT THE HEARING BEFORE THE IMMIGRATION JUDGE YOU MUST ESTABLISH THAT YOU ARE ADMISSIBLE TO THE UNITED STATES UNDER ALL PROVISIONS OF THE UNITED STATES IMMIGRATION LAWS.

The hearing

☐ is scheduled for ___to be set___ , _____ , _____
          (Time)          (Date)          (Place)

☒ will be scheduled and you will be notified as to time and place. It is understood that you want the notice of hearing to be sent to you at the following address:

___2243 S. Wentworth    #2F    Chicago_____    IL    60616
(Street and Number)   (Apt. No.)   (City)   (Province)   (State)   (County)

                              D. Dobberfuhl, D.A.O. _[signature]_
                              (United States Immigration Officer)

## CERTIFICATE OF SERVICE

Original of this notice was delivered to the above-named applicant by the undersigned on NOV 04 1995 , via certified mail
and the alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).

                              _[signature]_  JHD
                              (United States Immigration Officer)

                                                          P140 832

Form I-122
(Rev. 5-4-79)N                                            EX-07

CPC 940 031

**U.S. DEPARTMENT OF JUSTICE**
Immigration and Naturalization Service

**Memorandum of Creation of Record
of Lawful Permanent Residence**

| | |
|---|---|
| Place | CHI |
| File No. | A 70 310 245 |

Status as a lawful permanent resident of the United States is accorded:

NA

| | | | |
|---|---|---|---|
| Name In Care Of Street Address Apt. No. City, State, Zip | Junyun ZHANG<br>4748 N. Olcott Ave. Apt. B<br>Harwood Heights, Illinois 60656<br>4321 S. 5½ St. Apt. B<br>Terre Haute, IN 47802 | Sex 1 ☒ Male  2 ☐ Female | Date of Birth (Month/Day/Year)<br>09-11-67 |
| | | City of Birth<br>Changle | Country of Birth<br>China |
| | | Country of Nationality<br>Chinese | Country of Last Residence<br>China |

| Marital Status<br>3 ☐ Widowed | 1 ☐ Single  2 ☒ Married<br>4 ☐ Divorced  5 ☐ Separated | Occupation<br>SER | N/I Class at time of Adj.<br>E.W.I. | Year Adm. to U.S. or Year of Change to Present NI Class (whichever most recent)<br>92 |
|---|---|---|---|---|
| Priority Date (Month/Day/Year)<br>11/22/93 | | Preference (If any)<br>EC6 | Country to Which Chargeable (If any)<br>CHINA | |
| Section 212 (a) (14)<br>Labor Certification | 1 ☒ Applicable-Submitted  3 ☐ Not<br>Applicable | | Mother's First Name<br>Haomei | Father's First Name<br>Ziliang |
| Last NIV Issued at (U.S. Consulate Post)<br>NA | | Date of Issuance of Last NIV<br>NA | Number of Last NIV<br>NA | Classification of Last NIV NA |

Under the following provision of law

☐ Public Law 95-412
☐ Public Law 96-212
☐ Private Law No. _____
  of the ___ Congress ___ Session

☐ Sec. 209 (a) of the I & N Act
☐ Sec. 209 (b) of the I & N Act
☐ Sec. 244 ( ) ( ) of the I & N Act
☐ Sec. 245 of the I & N Act

☐ Sec. 249 of the I & N Act
☐ Sec. 1 of the Act of 11/2/66
☐ Sec. 13 of the Act of 9/11/57
☐ Sec. 214 (d) of the I & N Act

☒ Other law (Specify)
PL 102-404

As of _____ _____ _____ _____ at _____ CHI
   (Month)   (Day)   (Year)     PORT OF ENTRY FOR PERMANENT RESIDENCE

Class of admission (Insert Symbol) _____ EC6

REMARKS

| RECOMMENDED BY: (Immigration Officer) | (Date) | | |
|---|---|---|---|
| | | DATE OF ACTION | |
| | | DD | |
| **FOR USE BY VISA CONTROL OFFICE** | | DISTRICT | |

Date _____

Foreign State _____

Preference Category _____

Number _____

Month of Issuance _____

Signed _____
     (Visa Office, Dept. of State)

CC: *Page 2 Master Index copy sent on* _____
CC: *Page 3 ADIT and Statistical report copy sent on* _____

Form I-181 (Rev.3-1-83) N

Ex - 08

# UNITED STATES DEPARTMENT OF JUSTICE
## IMMIGRATION AND NATURALIZATION SERVICE

REFER TO THIS FILE NO.

A 70 310 245

Date:

Junyun ZHANG
4743 N. Olcott Ave. Apt. B
Harwood Heights, Illinois 60656

The processing of the application for adjustment of status to that of permanent resident filed by the above named individual has been completed. A request has been forwarded for the allocation of a visa number.

Sincerely yours,

District Director

**ATTORNEY**

Ex-09.

Form I-797C (Rev. 09/07/93)N

**Departure Number**

A 70 316245

3 8 0 15 385 75 0 8

Immigration and
Naturalization Service

REPLACEMENT I-94

I-94
Departure Record

ADMITTED AT NYC ON 10-12-72
UNTIL 11-99 CLASS D E
LAST C/S GRANTED TO CLASS ___ ON ___
LAST E/S GRANTED TO ___ ON ___
THIS DOCUMENT PREPARED ON 2-N-94 AT

| 14. Family Name | |
|---|---|
| Z H A N G | |
| 15. First (Given) Name | 16. Birth Date (Day/Mo/Yr) |
| J U N  Y U N | 1 1 0 9 6 7 |
| 17. Country of Citizenship | |
| C H I N A | |

*Ex - 11.*

U.S. Department of Justice
Immigration and Naturalization Service

Application for Replacement/Initial Nonimmigrant Arrival Departure Document

## START HERE - Please Type or Print

### Part 1. Information about you.

| | | | |
|---|---|---|---|
| Family Name | ZHANG | Given Name | JUN YUN | Middle Initial | NONE |

Address - In care of

Street Number and Name: 4748 N OLCOTT AVE   Apt. # B

City: HARWOOD HEIGHTS   State: IL   Zip Code: 60656

Date of Birth (Month/Day/Year): 09/11/67   Country of Birth: P.R. CHINA

Social Security #: 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   A #: 70 310245

Date of Last Admission into U.S. (Month/Day/Year): 10/13/92   I-94 #: 380 538517503

Current Nonimmigrant Status: C.S.P.A.   Expires on (Month/Day/Year): PENDING

### FOR INS USE ONLY

Returned
Date

Date
Resubmitted

Date

Date
Reloc Sent

Date

Date
Reloc Rec'd

Date

Date

☐ Applicant Interviewed    1  JAN

New I-94 Number

LIN-94-071-51488   L1NNLM01   01/14/94

### Part 2. Application type. (check one)

a. ☒ I am applying to replace my lost or stolen Form I-94.

b. ☐ I am applying to replace my lost or stolen Form I-95.

c. ☐ I am applying to replace Form I-94 it because it is mutilated. I have attached my original.

d. ☐ I am applying to replace Form I-95 it because it is mutilated. I have attached my original.

e. ☐ I was not issued a Form I-94 when I entered as a nonimmigrant, and am filing this application with an application for an extension of stay/change of status.

### Part 3. Processing Information.

Are you filing this application with any other petition or application?

☒ No    ☐ Yes - Form #

Are you now in exclusion or deportation proceedings?

☒ No    ☐ Yes (Attach an explanation)

If you are unable to provide your original or a copy of your I-94, give the following information about your last entry to the U.S.

Class of Admission: ADVANCE PAROLE   Place of Admission: NYC/NY

APPROVED
INS RAC DIRECTOR
FEB 14 1994
Recommended by
LIN  9801

### To Be Completed by Attorney or Representative, if any

☐ Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #

### Part 4. Signature. Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.

I certify under penalty of perjury under the laws of the United States of America that this application, and the evidence submitted with it, is all true and correct. I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

Signature: ZHANG Jun Yun   Date: 01/05/94

### Part 5. Signature of person preparing form if other than above. (sign below)

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

Signature:    Print Your Name:    Date:

Firm Name and Address:

Form I-102 (10/01/91) N

*U.S. GPO: 1991-312-328/5173

FX-12.

Immigration and Naturalization Service

Notice of Action

THE UNITED STATES OF AMERICA

| NOTICE OF ACTION | RECEIPT NUMBER LIN-94-071-51488 | NOTICE DATE February 15, 1994 | PAGE 1 of 1 |
|---|---|---|---|
| CASE TYPE I102 | APPLICATION FOR INITIAL/REPLACEMENT I-94 ARRIVAL DOCUMENT | RECEIPT DATE January 14, 1994 | |
| PETITIONER (Applicant) ZHANG, JUN YUN | | FILE NUMBER A70 310 245 | |
| BENEFICIARY | | FILE NUMBER | |

JUN YUN ZHANG
4748 N OLCOTT AVE B
CHICAGO IL 60656

Approval Notice
Valid from 10/12/92 to 01/01/94

The above application has been approved. The replacement Form I-94 or I-95 is enclosed.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Due to the unavailability of the perforated version of this paper, please remove the lower portion of this form by cutting where indicated.

You will be notified separately about other applications or petitions you filed. Please save this notice for your records. Please enclose a copy of it if you have to write to us about this case; or if you file another application based on this decision. If you have any questions concerning your case, please call us at:

NORTHERN SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Tel: 402-437-5218

Our address is:

Form I-797A (93)

Please see additional information on the back.

PLEASE TEAR OFF FORM I-94 PRINTED BELOW AND RETAIN WITH YOUR PASSPORT

Alien to Retain This Half for Personal Records

Receipt # LIN-94-071-51488
I-94# 380538575 03
NAME ZHANG, JUN YUN
CLASS
VALID FROM 10/12/92 UNTIL 01/01/94

PETITIONER: ZHANG, JUN YUN
4748 N OLCOTT AVE B
CHICAGO IL 60656

380538575 03

Receipt Number LIN-94-071-51488

Immigration and
Naturalization Service

I-94
Departure Record          Petitioner:

| 14. Family Name ZHANG | | |
|---|---|---|
| 15. First (Given) Name JUN YUN | | 16. Date of Birth 09/11/67 |
| 17. Country of Citizenship | | |

护 照 延 期
RENOUVELLEMENTS RENEWALS

本护照有效期延长至 19 _____ 年 _____ 月 _____ 日
La validité de ce passeport est prolongée jusqu'au
*The validity of this passport is extended to*

_____ 19 ____

盖印和签署
Signature et Cachet
*Signature and Seal*

19 _____ 年 _____ 月 _____ 日
_____ 19 ____

本护照有效期延长至 19 _____ 年 _____ 月 _____ 日
La validité de ce passeport est prolongée jusqu'au
*The validity of this passport is extended to*

_____ 19 ____

盖印和签署
Signature et Cachet
*Signature and Seal*

19 _____ 年 _____ 月 _____ 日
_____ 19 ____

6

备注 Observations



本护照系根据中华人民共和国
第 /020/7 号护照换发。

This passport is issued
replace passport No /020/7
of the P.R.C.

New York Dec 11 19 9 >

7

Ex~13



持 照 人 签 名
Signature du titulaire
*Signature of the bearer*

本护照前往世界各国有效，自发照之日起有效期五年。

Ce passeport est valable pour tous les pays du monde dans un délai de cinq ans à partir de la date de sa délivrance.

*This passport is valid for travel to all countries in the world within a period of five years from the date of issue.*

发照机关 _____ 驻纽约总领事馆

Délivré par

Issued by    *the Consulate- General of the P.R.C. in New York*

签字及印章
Signature et Cachet
Signature and Seal

19 _92_ 年 _12_ 月 _11_ 日

*Dec. 11* 19 _92_

4                                                    5

姓　　　名　　　张君云

性　　　别　　　男

出生年月日　　1967年9月11日

出生地点　　　福建

偕行儿童

| 姓　名 | 性　别 | 出生年月日 |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Nom et prénom
*Name in full*　　Zhang Junyun

Sexe
*Sex*　　Male

Date de naissance
*Date of birth*　　Sep. 11. 1967

Lieu de naissance
*Place of birth*　　Fujian

Accompagné des enfants
*Accompanying children*

| Nom et prénom *Name in full* | Sexe *Sex* | Date de naissance *Date of birth* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

2

3





持照人签名
Signature du titulaire
Signature of the bearer

张君玄

本护照前往世界各国有效，自发照之日起有效

Ce passeport est valable pour tous les pays du monde dans un délai de cinq ans à partir de la date de sa délivrance.

This passport is valid for travel to all countries in the world within a period of five years from the date of issue.

发照机关
Délivré par
Issued by

公安部出入境管理局
BUREAU OF EXIT-ENTRY ADMINISTRATION
OF THE MINISTRY
OF PUBLIC SECURITY, P. R. C.

Rongzhixing

1922 年 7 月 12 日

于福建

3502

Ex-14

# Law Office of Nathaniel K. Hsieh

111 W. Washington Street, Suite 917, Chicago, IL 60602
Tel: (312) 750-1345; Fax: (312) 750-1347
e-mail: xkx0001@aol.com

February 14, 2001

Mr. Brian R. Perryman
Director
INS Chicago District Office
10 W. Jackson Blvd.
Chicago, IL 60604

Re:   Status Inquiry ICO Jun-yun ZHANG, A# 70-310-245

Dear Mr. Perryman:

My office submitted to you a request for re-examination and adjustment of status concerning the above referenced individual on June 12, 2000. In your response of July 26 of last year, you stated that a request for Mr. Zhang's file has been submitted to the area having responsibility for his case, and that you would respond to my office soon. Since then, an immigration court proceeding has been conducted and once again postponed to await for your anticipated response.

The next immigration court proceeding is scheduled for April 25 of this year. We are most anxiously awaiting for your long-anticipated response to our initial request, a copy of which is attached for your reference and review.

Sincerely yours,

Nathaniel K. Hsieh
Attorney at Law

Enclosures.

cc:   Hon. Judge Fujimoto
      Immigration Court, Chicago

      Assistant District Counsel
      USINS Chicago District

Immigration and Naturalization Service
10 West Jackson Boulevard
Chicago, Illinois 60604

This form letter is in response to your correspondence (tracking #)___ 07|26|00 ___

Concerning Alien Number: 70-310-245 ( Jun Yun Zhang )

A.      () The fee date that we are presently interviewing for a case like yours is:_____
        We will notify you, by mail, of your interview appointment.

B.      () If you filed before this date ( in A above) and you have not been interviewed, please comply
        with the marked items below and forward the requested information to this office.

        () Copy of proof of payment received by INS, either your receipt or copy showing INS
        cashed your payment (front and back required)

        () The type of application you filed _____

        () The name of the person who you filed the application for (beneficiary) and their date
        of birth. _____

C.      () The following pertains to your correspondence.

        () Your case will be rescheduled and you will be notified, by mail, of your appointment.

        () Your file has been updated to reflect the change of address information you sent INS.

        () Your file has been updated using the documents you sent INS.

        () You have been scheduled for an appointment to get fingerprinted, the notice is
        attached.

        () Your case has been forwarded to_____
        This is the INS office that will be processing your case as it pertains to your inquiry.
        They can be reached by using the contact information enclosed. Please contact the
        office where your inquiry has been forwarded if you have any further questions
        concerning this matter.

        () Your case is under review. When the review has concluded you will be notified.

        ⦻ A request for your case file has been submitted to the area having responsibility for
        your case. We should respond to your correspondence within _____days.

        () Your case is currently under removal proceedings before the Executive Office for
        Immigration Review (Immigration Court) for further information call: 312-353-7313

        () This person is currently in INS custody for further information call: 708-343-7841.

        () Your request requires a response from our Freedom of Information Unit (FOIA). The
        enclosed Form G-639 is provided for your use. Return the completed request for
        information to our office: ATTN: FOIA.

        () Be advised of the following information concerning your inquiry:

        _____

        _____

Brian R. Perryman
District Director

中华人民共和国外交部请各国军政机关对持照人予以通行
的便利和必要的协助。

*The Ministry of Foreign Affairs of the People's Republic of China*
*requests all civil and military authorities of foreign countries to allow the*
*bearer of this passport to pass freely and afford assistance in case of need.*

签发日期
Date of issue

10 DE

签发地点
Place of issue



| P | CHN | 14 8189320 |

姓 名 Name in full

张 君 芸
ZHANG JUNYUN

性 别 Sex    身 份 Profession

男

婚姻状况 Marital status

出生日期 Date of birth

1967.09.11
11 SEP 1967

出生地点 Place of birth

福建
FUJIAN

有效期至 Date of expiry

2000.12.09

身份证号码 Identity card No.

POCHNZHANG<<JUNYUN<<<<<<<<<<<<<<<<<<<<<<<<<
1481893204CHN6709110M06120921920USAF<<<<<96





Jesse White - Secretary of State

ID CARD

NUMBER    ISSUED    EXPIRES
5204-3937-2592  05-27-05  09-11-08

JUN Y ZHANG
3043 S ARCHER AVENUE
CHICAGO IL 60608

Birthdate '09-11-67
Male        5'06" 160 lbs    BRN Eyes
            Type             Class
            DUP

