(Revised 02/01/01)

# United States District Court   Northern District of Illinois
## APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE

| Case Title: | Jun Yun ZHANG | Plantiff(s) |
|---|---|---|
| | VS. | |
| | Michael Chertoff, Emilio Gonzalez, Michael Mukasey | Defendant(s) |

| Case Number: 08CV2762 | Judge: Dow, Jr. |
|---|---|

I, Theodore Cox, hereby apply to the Court under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

Plaintiff, Jun Yun ZHANG by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| See attached | |
| | |
| | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| | N/A | |
| | | |
| | | |
| | | |

RECEIVED MAY 14 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

*If denied, please explain:
(Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

Has the applicant designated local counsel?   Yes ✓   No ☐   see attached.

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

| | | |
|---|---|---|
| censured, suspended, disbarred, or otherwise disciplined by any court? | Yes ☑ | No ☐ see attached |
| or is the applicant currently the subject of an investigation of the applicant's professional conduct? | Yes ☐ | No ☑ |
| transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court? | Yes ☐ | No ☑ |
| denied admission to the bar of any court? | Yes ☐ | No ☑ |
| held in contempt of court? | Yes ☐ | No ☑ |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois, effective November 12, 1991 (Local Rules 83.50 through 83.58), and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, effective December 15, 1992, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

5/2/08
Date

Signature of Applicant

| Applicant's Name | Last Name: Cox | First Name: Theodore | Middle Name/Initial: |
|---|---|---|---|
| Applicant's Law Firm | Law Offices of Theodore Cox | | |
| Applicant's Address | Street Address (include suite or room number): 401 Broadway #701 | | State Bar Number: 1885979 |
| | City: New York | State: NY | ZIP Code: 10013 | Work Phone Number: 212-925-1208 |

(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $150.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

(Fee Stamp)
PAID
RECEIPT # 4244m2498
MAY 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**ORDER**

IT IS ORDERED that the applicant herein may appear in the above-entitled case.

DATED: May 20, 2008

United States District Judge

## Response to Question Concerning Past Disciplinary Action Imposed

By an order dated October 17, 2005, the U.S. Circuit Court of Appeals for the Second Circuit appointed a special master to oversee Applicant's law practice for two years for noncompliance with scheduling orders in certain cases. Since then, Applicant made every effort to comply with all scheduling orders. The Second Circuit terminated the special master appointment before the two year period. (See attached Court orders).

Applicant currently is not subject to any sanction or disciplinary action and is in good standing in all jurisdictions admitted.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand six,

Present:

    Hon. Rosemary S. Pooler,
    Hon. Sonia Sotomayor,
        *Circuit Judges,*
    Hon. Edward R. Korman,[*]
        *Chief District Judge.*

MISC 07 0033

FILED JAN 26 2007 BROOKLYN OFFICE

FILED DEC 26 2006 UNITED STATES COURT OF APPEALS SECOND CIRCUIT

---

Jin Hua Liu,

        *Petitioner,*

    v.

Bureau of Citizenship and Immigration Services,
        *Respondent.*

No. 03-4640

---

Huo Qiang Chen,

        *Petitioner,*

    v.

Bureau of Citizenship and Immigration Services,
        *Respondent.*

No. 03-41216

---

Shan Wen Zhang,

        *Petitioner,*

    v.

Bureau of Citizenship and Immigration Services,
        *Respondent.*

No. 03-40146

---

Yeong Je Li,

        *Petitioner,*

    v.

United States Immigration and Naturalization Service,
        *Respondent.*

No. 02-4186

---

    [*] The Honorable Edward R. Korman, Chief District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Wu Qian Huang,

                        *Petitioner,*

   v.

Immigration and Naturalization Service,

                        *Respondent.*

No. 02-4723(L), 03-40273(con)

     By order dated October 17, 2005, this Court appointed Amy Rothstein "special master to oversee attorney Ted Cox's law practice for the next two years." By motion dated November 3, 2006, Rothstein now moves this Court for an order requiring Cox "to pay the bills of the Special Master appointed to oversee his practice or for an audit."

     Upon due consideration, it is ordered, adjudged, and decreed that the special master's supervision of Cox's legal practice is hereby suspended. The Court will permit Rothstein to advise us of any outstanding work whose immediate suspension would be cost-inefficient, and we will consider providing her with additional time to finish these identified tasks.

     We remand this matter to Magistrate Judge Robert Levy of the United States District Court for the Eastern District of New York, and ask him promptly to hold a hearing with the special master and Cox to review Cox's financial affairs and recommend to this Court a schedule for prompt payment of the special master's outstanding bills. Magistrate Judge Levy is further asked to review with the special master any adjustments that could reasonably be made to her bills. Cox is directed to turn over to the magistrate judge any business or personal financial records that Magistrate Judge Levy deems necessary or helpful to his assessment of Cox's financial ability to pay the special master in a reasonably prompt manner.

     It is the hope of this Court that the Magistrate Judge will be able to avoid the imposition of any additional costs on Cox, by the appointment of an auditor or otherwise. The Magistrate Judge is also authorized to employ whatever cost-saving mechanisms he can devise to ensure that the special master is not required to expend additional extensive time on this matter.

     We ask the Magistrate Judge to provide this Court with a status report three months from the date of this order, assuming no recommendation has been filed before that date.

                        FOR THE COURT:
                        Thomas Asreen, Acting Clerk

                        By: _____
                        Oliva M. George, Deputy Clerk

COPY

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 24th day of August, two thousand five,

Present:

    Hon. Rosemary S. Pooler,
    Hon. Sonia Sotomayor,
        *Circuit Judges,*
    Hon. Edward R. Korman,
        *Chief District Judge.*



---

Jin Hua Liu,

        Petitioner,

    v.                                      03-4640

Bureau of Citizenship and Immigration Services,
        Respondent.

---

Huo Qiang Chen,

        Petitioner,

    v.                                      03-41216

Bureau of Citizenship and Immigration Services,
        Respondent.

---

Shan Wen Zheng,

        Petitioner,

    v.                                      03-40146

Bureau of Citizenship and Immigration Services,
        Respondent.

Yeong Je Li,

                    Petitioner,

v.                                            02-4185

United States Immigration and Naturalization Service,
                    Respondent.

---

Wu Qian Huang,

                    Petitioner,

v.                                          02-4723 (L), 03-40273(Con)

Immigration and Naturalization Service,
                    Respondent.

---

     Because pending motions in the above five-captioned cases share common facts and issues, we dispose of the following motions simultaneously. In Liu v. BCIS and Chen v. BCIS, respondent moves for an order requesting sanctions against attorney Theodore Cox for his pattern of filing briefs well past deadlines set by this Court and for filing false affidavits of service, respectively. In Liu v. BCIS, Li v. INS, and Huang v. INS, petitioners move for a reinstatement of their respective petitions for review despite this Court's earlier dismissal of those petitions due to Cox's failure to timely file an opening brief. In Chen v. BCIS, respondent moves for reconsideration of our previous order permitting late filing and in the alternative for dismissal of the petition for review. In Zheng v. BCIS, respondent moves for dismissal of the petition for review for Cox's failure to timely file an opening brief.

     Cox's failures, which he admits to, constitute conduct that this Court will not tolerate. The scheduling orders of this Court are as binding as any other order. United States v. Raimondi, 760 F.2d 460, 461 (2d Cir. 1985). An attorney is not excused from following an order of this Court simply because he is busy or under stress. Id. Even worse, the filing of false affidavits of service, which are sworn statements, betrays fundamental duties that an attorney owes as an officer of the Court. See generally In re Ksenzowski, 56 B.R. 819, 836 (E.D.N.Y. 1985). Furthermore, even after actually learning of the errors in service, Cox failed to inform the court or respondents of the errors or otherwise attempt to correct them.

     At the same time, we cannot help but be cognizant of the unprecedented crisis faced by this Court and the immigration bar resulting from our backlog of asylum cases. Cox has also informed the Court of additional problems of turnover and staff incompetence contributing to his problems. While these factors do not make Cox's conduct any more acceptable, they do incline us away from an excessively Draconian response in the particular circumstances of these cases.

     This is particularly true with respect to Cox's clients, who now face enormous prejudice from Cox's misconduct in the form of immediate removal and the effective cancellation of any further legal recourse. In light of the effectively final nature of this prejudice and the procedural nature of

the misconduct at issue, upon due consideration, it is ORDERED that the motion to reconsider permitting the filing of a late brief or to dismiss the petition for review in Chen is DENIED, that the motion to dismiss the petition for review in Zheng is DENIED and that the motions to recall the mandates and reinstate the petitions for review in Liu, Li, and Huang are GRANTED. Cf. McHale v. United States, 175 F.3d 115 (2d Cir. 1999).

As to sanctions, in the context of criminal appeals, we have previously set forth the policy that where an attorney fails to meet a deadline after two warnings from the Court, but provides an explanation for this conduct and a commitment not to repeat it, the Court will impose a sanction of $200. In re Flannery, 186 F.3d 143, 145 (2d Cir. 1999). Accordingly, it is ORDERED that a sanction of $200 be imposed against Cox for his failure to file a brief in Liu despite numerous warnings from the Court. Because of the greater seriousness of the affidavits of service Cox filed Chen, it is ORDERED that a sanction of $500 be imposed in that case.

Our greatest concern with sanctions of this size is that they may not sufficiently deter future violations. We therefore take further measures to ensure that Cox meets his future deadlines and maintains punctilious accuracy in his certificates of service.

First, we anticipate that future violations will be akin to the kind of deliberate disdain for this Court's orders that Flannery found to be worthy of significantly higher sanctions. See 186 F.3d at 145. Accordingly, it is likely that future deadline violations will call for sanctions of no less than $3000 and suspension for one or more years, if not disbarment. As noted above, Cox's conduct with regard to the affidavits of service is a more serious offense, and repetition of this conduct will likely be met with even more severe fines and suspensions.

Second, we instruct the Clerk of this Court, and in particular our Motions Administrative Attorney, to discuss the schedule for all of Cox's presently pending cases with Cox and the respective respondents and develop a final, binding schedule for those cases.

Finally, we give notice of our intent to appoint a special master, pursuant to Federal Rule of Civil Procedure 53, to oversee Cox's practice of law for two years. The duties of this special master, whom we anticipate will be a member of the immigration bar, will be to certify to this panel, quarterly for the forthcoming year and semiannually for the following year, that Cox has complied with all deadlines, has not taken on an unmanageable workload, and has been truthful in all certificates of service. Cox shall bear the costs of this appointment, which we recognize may be significantly larger than the sanctions we impose directly. We also recognize that this is an unusual step for an appellate court, but we believe it to be necessary in light of the extent of Cox's pending caseload before this Court and the grave misconduct that Cox has committed in his failure to properly manage that caseload. In accordance with the procedural protections of Federal Rule of Civil Procedure 53, the parties may submit letter briefs on this issue, including suggested candidates for appointment. These briefs shall be no longer than five single-spaced pages, and will be due within fifteen days of the entry of this order.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*

## Designation of Local Counsel

Pursuant to the Court's Local Rule 83.15, applicant hereby designates Mr. Scott Pollock as the local counsel. Mr. Pollock's business address is: 105 W. Madison Street, Suite 2200, Chicago, IL 60602; his telephone number is: (312)444-1940. Mr. Pollock has accepted this designation and is a member in good standing of the bar of this Court.